IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00214-CMA

JUAN ANGEL VASQUEZ BARRAZA,

      Plaintiff,

v.

JOHN LONGSHORE, Field Director, Immigration and Customs Enforcement,
JEH JOHNSON, Secretary of the Department of Homeland Security,
JOHN MORTON, Director for Immigration and Customs Enforcement, and
ERIC HOLDER, Attorney General, United States of America,

      Defendants.

**ORDER DISMISSING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AS MOOT**

This matter is before the Court *sua sponte*, in light of the Notice of Factual Development filed by Petitioner on March 12, 2015 (Doc. # 15).

### I.  BACKGROUND

In March of 2007, Petitioner Juan Angel Vasquez Barraza[1] was arrested and charged with possession of a schedule II controlled substance, as well as assorted driving offenses. (Doc, # 11-2.) He was sentenced to two years of deferred judgment and conviction fines and costs. (*Id.*) In April of 2008, his case was reopened, and in April of 2009, his deferred judgment was revoked and he was re-sentenced to one year of probation. (*Id.*) He successfully terminated probation in April of 2010. (*Id.*)

---

[1] Petitioner refers to himself as "Mr. Vasquez," and the Court adopts that nomenclature here.

More than four years later, in November of 2014, an ICE Officer effected a traffic stop and took Mr. Vasquez into custody. (Doc. # 11-3.) He was subsequently transferred to the GEO Detention Facility in Aurora, Colorado. ICE set no bond, contending that 8 U.S.C. § 1226(c) ("Section 1226(c)") prohibited his release from custody, and on November 28, 2014, an Immigration Judge affirmed this position at hearing. (Doc. #11-4.)

Remaining in custody without bond, on February 25, 2015, Mr. Vasquez filed a Motion for Temporary Restraining Order and Preliminary Injunction, and this Court ordered the Government to respond. (Docs. ## 11, 12.) Two days after receiving the Government's response on March 10, 2015 (Doc. # 14), the Court received notice that Immigration Judge Baker granted the Petitioner's application for Cancellation of Removal, the Department of Homeland Security waived its right to appeal, and Mr. Vasquez was released from custody. (Doc. # 15.)

## II.  STANDARD

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the Petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Court must address the threshold question of whether it possesses subject matter jurisdiction over this action, in light of Mr. Vasquez's release from custody.

Mootness is an issue of subject matter jurisdiction which can be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). Under Article III of the Constitution, federal courts may only adjudicate live

controversies. *See* U.S. Const. Art. III, § 2, cl. 1; *Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez,* 558 U.S. at 130 (internal quotation marks and citations omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted). If circumstances change during the pendency of the case that extinguish a party's legally cognizable interest in the action, the case is moot. *Green v. Haskell Cnty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted); *see also Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (recognizing that a case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party.").

However, a Petition may not be dismissed as moot if the issue is deemed to be a wrong capable of repetition but evading review.[2] *See Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002). This exception applies "where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that

---

[2] There are three other exceptions to mootness: (1) where secondary or collateral injuries survive after resolution of the primary injury; (2) where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (3) where the action is a properly certified class action suit. *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002). These exceptions do not apply here.

the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (brackets in original; quotation marks and citations omitted).

Because Mr. Vasquez has been released from custody, at this time, there is no remedy the Court could grant concerning the legality of his detention before his release. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.") Additionally, there no "reasonable expectation" that Mr. Vasquez will be subject to mandatory detention under Section 1226(c) in the future. *See Quezada v. Hicks*, 821 F. Supp. 2d 702, 705-708 (D.N.J. 2011) (quoting *Spencer*, 523 U.S. at 17) ("the prospect of Quezada once again being detained under § 1226(c) is too speculative to constitute a 'reasonable expectation that the same complaining party will be subject to the same action again.'") Furthermore, even if Mr. Vasquez was detained again under Section 1226(c), the length the detention would not make it impossible to seek review; indeed, this Court has repeatedly ordered that the Government hold individualized bond hearings for Petitioners in almost identical situations. *See, e.g., Sanchez-Penunuri v. Longshore,* 13-CV-02586-CMA-CBS, 2013 WL 6881287 (D. Colo. Dec. 31, 2013); *Andujo-Andujo v. Longshore*, 14-CV-01532-REB, 2014 WL 2781163, at *6 (D. Colo. June 19, 2014). Accordingly, this case is moot and the Court lacks subject matter jurisdiction.

5

### III. CONCLUSION

For the aforementioned Reasons, Petitioner's Motion for Order to Show Cause (Doc. # 2) and his Motion for Temporary Restraining Order and Preliminary Injunction (Doc. # 11) are hereby DENIED as MOOT. It is FURTHER ORDERED that this case is DISMISSED IN ITS ENTIRETY.

DATED: April 20, 2014

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge